application having been made upon that very ground (Code Civ. Proc. § 135, subd. 3), and the statement as to "due diligence" was treated as somewhat fortified by the fact of the party's nonresidence, while in the case before me, the order having been made under subdivision 4 of section 135, no allegation of nonresidence was required (Barnard v. Heydrick, 2 Abb. Prac. [N. S.] 47), and there appears only the statement of "due diligence." Inability to discover the party by the exercise of due diligence is, however, wholly distinct from the fact of his nonresidence, and proof of the latter is insufficient to establish the former. Bixby v. Smith, 3 Hun, 60. Therefore, in a case depending simply upon the question of due diligence, I think the effect given to this form of allegation in the Kennedy Case must be taken as sufficiently strong to support the order, and for this purpose the further statement that the defendant's residence was unknown, and could not be ascertained "after reasonable diligence," would also appear to be a sufficient statement of fact. There appears to be no merit in the contention that the affidavit should have been made by the plaintiff, rather than by the attorney. The statute certainly did not exclude the attorney from the class of persons who might make the necessary averments, and, as appears from the reported cases, the settled practice has been to receive the attorney's affidavit as sufficient for the purposes of such an application.

Demurrer sustained, with costs; leave to amend on usual terms.

---

(33 Misc. Rep. 579.)

### LAMBERT v. METROPOLITAN ST. RY. CO.

(Supreme Court, Special Term, New York County. January, 1901.)

1. EXECUTION—ISSUANCE BY ADMINISTRATRIX—AUTHORITY.

Where an administratrix, who only had power to prosecute an action, issued an execution on the judgment obtained therein, the execution will be vacated.

2. SAME—CURING DEFECT.

Where an administratrix, who only had power to prosecute the action, issued an execution on a judgment obtained therein, without obtaining authority to collect judgment, the fact that she afterwards obtained such authority did not cure the illegal issuance of the execution.

Action by Mary Lambert, as administratrix, against the Metropolitan Street-Railway Company. Judgment for plaintiff was affirmed. 67 N. Y. Supp. 1137. Application by defendant to vacate an execution issued on the judgment. Execution vacated.

Jacob Marks, for plaintiff.
Henry A. Robinson, for defendant.

BLANCHARD, J. This is an application to vacate an execution on the ground that at the time of the issuance thereof the plaintiff was an administratrix with but limited powers, having power to "prosecute," but not power "to collect or compromise." After this motion was made, but before its submission, plaintiff obtained from the surrogate's court full power of collection. By placing the execution in the hands of the sheriff, plaintiff clearly exceeded her author-

ity conferred upon her by the surrogate's court. She thereby, in
effect, constituted the sheriff her agent in the collection of her judg-
ment. Her action in subsequently obtaining the necessary power of
collection did not remedy the defect existing when the execution was
issued. Even if the issuance of the execution be not void, it was
certainly irregular, and should be vacated.

Execution vacated.